UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                              Case No. 22-CR-128

FREDERICK L. BREWER,

        Defendant.

---

**ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL UNDER RULE 29 AND MOTION FOR A NEW TRIAL UNDER RULE 33**

---

On March 1, 2023, Defendant Frederick L. Brewer filed a written motion for judgment of acquittal under Rule 29 and a motion for a new trial under Rule 33. Dkt. No. 96. The motion for judgment of acquittal followed the oral motions made at the conclusion of trial by Brewer and his co-defendant, Don AK James, Jr. Both motions were denied as to several counts on the record following the jury's verdict. As to the remaining counts, the motions were denied in a written order entered on February 22, 2023. Dkt. No. 94. For the reasons stated both on the record at the conclusion of the trial and in the court's previous order, the motion for a judgment of acquittal, Dkt. No. 96, is denied.

In his written motion, Brewer also moves for a new trial on the grounds that the court erred in allowing Breanne Kimball and Jordan Hooper to testify as experts during trial and in permitting the use of hearsay evidence on the part of the government. As to the question of the admissibility of expert testimony, Brewer argues that neither Kimball nor Jordan had the experience necessary to permit them to offer opinion testimony to the jury, since neither had previously testified as an expert. The argument is without merit. Kimball, who is trained in phone extraction technology,

testified as to how she retrieved text and voicemail messages from the defendants' phones. The court addressed the admissibility of such testimony at the time the objection was raised at trial in light of the court's decision in *United States v. Wehrle*, 985 F.3d 549, 553–55 (7th Cir. 2021), and is satisfied that the record is adequate to support the court's determination that Kimball was qualified by education, training, and experience to offer opinion testimony concerning the process of extracting data from the defendants' phones.

Similarly, Hooper testified concerning the meaning of various slang terms used by persons involved in drug trafficking. The court adequately explained its rationale for concluding that the proper foundation had been made to allow Hooper to provide opinions as to the meaning of such terms. *See, e.g., United States v. York*, 572 F.3d 415, 419–20 (7th Cir. 2009) (holding that "extensive experience in narcotics investigations" qualified police officer to testify about meaning of drug code words and the typical price and quantity of wholesale drug transactions). Nothing Brewer says in his recently-filed motion suggests that the court erred in its determination.

Brewer's primary argument against the admissibility of opinion testimony by both witnesses appears to be that they had never testified as experts before. "Brewer's claim of error," according to his motion, "is that neither one of these witnesses had the experience testifying to offer the opinions they offered to the jury." Dkt. No. 96 at 8–9. But it is not experience in *testifying* that qualifies a witness to offer opinion testimony under Rule 702. It is a witness' "knowledge, skill, experience, training, or education" as to the subject of the proposed testimony that determines whether they are qualified to offer such testimony. As the Government observes, if Brewer's argument is valid, no witness could ever become qualified to offer opinion testimony since he would be required to have already done so to become qualified. The mere statement of the argument carries its own refutation.

2

Finally, as to the admissibility of hearsay evidence, the court explained in response to the defendants' objections at trial that most of the evidence to which objections were made did not even constitute hearsay within the meaning of Rule 801(c). They were not "statements" offered to "prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Other statements fell within exceptions to the rule against hearsay, such as "statement[s] of the declarant's then-existing state of mind (such as motive, intent, plan) . . . ." Fed. R. Evid. 803(3). Counsel was invited to advise the court as to which specific statements they believed were inadmissible, as opposed to offering blanket hearsay objections to entire recordings or transcripts. They failed to do so. Brewer adds no more specificity in his motion for a new trial as to which statements he believes were inadmissible. He offers no new information or argument that causes the court to question the rulings it made at trial. Accordingly, the court is satisfied that it did not err in its rulings on the admissibility of evidence and Brewer's motion for a new trial is, therefore, denied.

In sum, for the reasons stated herein, at trial, and in the court's previous order denying the defendants' motion for judgment of acquittal, Brewer's motion for judgment of acquittal under Rule 33 and the motion for a new trial, Dkt. No. 96, are both denied.

**SO ORDERED** at Green Bay, Wisconsin this 7th day of April, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge